Kevin L. SELBY, Respondent,

v.

Sheila L. SMITH, formerly Sheila L. Selby, Appellant.

No. 27438.

Missouri Court of Appeals,
Southern District,
Division Two.

June 20, 2006.

James R. Sharp, Sharp & Bredesen, Springfield, for Appellant.

Kevin L. Selby, Stark City, pro se.

Before SHRUM, P.J., BARNEY, J., and BATES, C.J.

PER CURIAM.

Appellant Sheila L. Smith ("Mother") appeals the trial court's "Judgment of Modification" which required her to pay child support to Respondent Kevin L. Selby ("Father") for the care of the parties' minor children as well as pay all visitation-related transportation costs.[1] Mother brings two points on appeal. In her first point on appeal, Mother contends the trial court erred in finding there was a substantial change in circumstances which warranted modification of child support. In her second point relied on, Mother asserts the trial court erred in requiring her to pay all transportation costs associated with visitation. We reverse and remand.

The record reveals the parties were married on July 29, 1989, and their marriage was dissolved on October 10, 1996. In its judgment, the trial court awarded joint legal custody of the children to both parties with "[t]he primary physical placement of the children with [Father] with [Mother] to have reasonable and specific visitation...." The trial court found

that the presumed correct child support amount as calculated by [Father] pursuant to [s]ection 452.340.8 ... Supreme Court [Rule] 88.01 and Civil Procedure Form No. 14 is rebutted as being unjust or inappropriate in that [Father] requests [Mother] not be ordered to pay child support and [Father] affirms that he has adequate means to provide for the care and support of the same minor children, therefore [Father] is not awarded child support from [Mother] at this time.[2]

---

1. The parties have two minor children: James Haines Selby, born October 26, 1991, and Hannah Marie Selby, born May 22, 1993.

2. Unless otherwise set out, all rule references are to Missouri Court Rules (2005) and all statutory references are to RSMo 2000.

The "Joint Custody Plan" made no mention of which party should pay for the transportation of the children to and from visitation.

Father filed his "Motion to Modify Judgment and Decree of Dissolution of Marriage as to Child Support" on March 28, 2005, and his "Amended Motion to Modify Judgment and Decree of Dissolution of Marriage as to Child Support" on August 22, 2005. In his amended motion, Father contended there had been a substantial and continuing change in circumstances which made the trial court's prior order exempting Mother from paying child support unreasonable. In support of his allegation that there had been a change in circumstances necessitating a change in child support, Father stated "[t]hat there has been an increase in the cost of supporting the children since the [d]ecree was entered;" that "[t]he children are much older now ... thereby greatly increasing the cost of their support;" that Mother "has experienced a substantial increase in her income since the date of the original [d]ecree;" and that both children "have expressed a desire to attend college." Father then requested the trial court award child support "pursuant to the Form 14 guidelines," and requested Mother be required to pay one-half of the children's college expenses.

A hearing on Father's motion was held on October 18, 2005. Father testified that at the time of the parties' divorce in 1996 he was residing in Neosho, Missouri, where he still resides, and Mother had just moved to Plattsburg, Missouri, which is north of Kansas City, Missouri. At that time, Mother and Father would meet in Nevada, Missouri, to exchange the children for visitation.

In 1999, Mother moved to Carthage, Missouri, where she resided for approximately one year. While Mother lived in Carthage, the parties still split transportation costs between them with one party going to the other party's home to retrieve or return the children. According to Father, Mother assured him that she intended on staying in the Carthage area for a long time.

However, in late 2000, Mother returned to the Kansas City area. "At that time, [Father] advised [Mother] that, given the fact she was not paying support, given the fact that she decided to move to the other side of the state, [he] felt it appropriate that she would pay for the transportation for her visitation ..." and Mother complied with this request. Father noted that such a transportation arrangement was only fair because he transported the children twenty-eight days a month to and from their various extracurricular activities and appointments; accordingly, Father asserted that requiring Mother to transport the children a few days a month did not appear to him to be "overly burdensome." He stated that Mother "chose to move to the other side of the state and there are consequences of that to his family" in that the children were now required to travel a long distance for visitation with Mother and Mother was no longer close enough to their home to assist Father in their day-to-day care.

Additionally, Father testified that his income at the time of the modification hearing was $96,000.00 per year, as evidenced by his income tax returns which were entered into evidence.[3] Father also provided medical insurance for the children at a cost of $100.00 per month. Based on his calcu-

---

3. Father testified that the 2004 income tax return entered into evidence showed he had an income of $99,000.00, but that amount included some rental income from properties he no longer had.

lations, Father requested $336.00 per month in child support from Mother and asked her to pay thirty percent of the children's college expenses.

Mother testified that she worked in customer support at Mediflex, Inc., and that her gross pay in 2004 was $37,884.00, as reflected by her income tax return entered into evidence.[4] Mother noted that she provided dental insurance for the children costing $50.00 per month and that, per Father's request, she has created savings accounts for the children. Mother also stated that in 2000, following her return to the Kansas City area, she began providing all of the transportation for the children relating to visitation. Accordingly, on the days she had visitation, Mother drove to Neosho to pick up the children and then returned them to Neosho at the end of her period of visitation. She related she often left work early on Friday so that she could pick the children up from school in Neosho. She stated that a round-trip drive takes six hours. She estimated the round-trip drive at 300 miles and that in the course of a year she traveled around 18,-000 miles at a cost of over $6,600.00 per year. Mother noted that she was living in the same location that she had been at the time of the dissolution and that Father was currently earning more money than he had been at the time of the dissolution.

Mother proposed that instead of requiring her to provide all of the transportation, the trial court should require the parties to meet in Rich Hill, Missouri, which is approximately halfway between their homes. Further, if the trial court ordered her to pay child support and still provide all of the transportation costs, Mother requested she be allowed a deduction from the presumed child support amount to set-off the costs of transportation.

Following the hearing, the trial court entered its "Judgment of Modification" on November 28, 2005. In its judgment, the trial court found "that a substantial and continuing change has occurred between the minor children and the parents, thereby necessitating a modification of the original Judgment entered by this Court." The court found that "the presumed correct child support amount as calculated by [Father] pursuant to [section] 452.340.8 ... Supreme Court Rule 88.01 and Civil Procedure Form No. 14 is [$336.00] ... per month retroactive to April 24, 2005 ... [s]aid arrearage total is [$2,016.00]." [5] Further, pursuant to a stipulation of the parties, the trial court apportioned thirty percent of the children's college expenses to Mother and seventy percent to Father. Additionally, the court held that Mother "shall pick up the children from their primary residence [with Father] and deliver the children to their primary residence at the end of her visitation periods." A re-

4. Mother testified that in 2004 she made a $4,000.00 withdrawal from her 401(k) plan such that her gross wages for that year actually equaled $42,000.00. She stated she made approximately $3,400.00 per month as her gross pay.

5. Rule 88.01 sets forth the procedures for calculating child support. " 'Rule 88.01 establishes a rebuttable presumption that the amount of child support calculated according to Civil Procedure Form 14 is the amount of child support to be awarded.' " *Hall v. Hall,* 53 S.W.3d 214, 221 (Mo.App.2001) (quoting

*In re Marriage of Gerhard,* 985 S.W.2d 927, 930 (Mo.App.1999)). " 'To rebut the presumption, the court must enter a written or specific finding on the record that the amount so calculated is unjust or inappropriate after considering all relevant factors.' " *Id.* (quoting *In re Marriage of Gerhard,* 985 S.W.2d at 930). In this regard, "[n]o further statement is required." *Id.* In the context of "a modification proceeding, it is mandatory for the trial court to use the Form 14 to calculate the child support amount." *Potter v. Potter,* 90 S.W.3d 517, 522 (Mo.App.2002).

vised "Parenting Plan" was also incorporated into the "Judgment of Modification."[6] This appeal by Mother followed.

In her first point relied on, Mother maintains the trial court erred in modifying the divorce decree as to the issue of child support because Father failed to meet his burden of proving that a substantial and continuing change in circumstances occurred. She maintains that modification was inappropriate because "[i]n the original dissolution decree, the court specifically rebutted the presumed child support amount and found that Father had adequate means to provide for the care and support of the minor children and did not order Mother to pay child support to Father." Mother also argues the only evidence presented by Father at trial "was a Form 14 calculation and Mother's 2004 W-2 earning statement" and that "there was no evidence in the record concerning how the circumstances of the parties had changed since the entry of the decree, including how the expenses of the children have changed or how the parties' current incomes have changed from the incomes they earned when they divorced in 1996."

Our review of a trial court's adjudication of a motion to modify a dissolution decree regarding child support is limited to determining whether the judgment is supported by substantial evidence, whether it is against the weight of the evidence, whether it erroneously declares the law or whether it erroneously applies the law. *Schottel–Lehde v. Schottel,* 75 S.W.3d 359, 363 (Mo.App.2002); *see also Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). "The determination to award a modification in child support lies within the discretion of the trial court, and the trial court's decision will be reversed only for abuse of

discretion or misapplication of the law." *Mann v. Hall,* 962 S.W.2d 417, 419 (Mo. App.1998). We will set aside the judgment "'on the ground that it is against the weight of the evidence with caution and with a firm belief that the judgment is wrong.'" *Schottel–Lehde,* 75 S.W.3d at 363 (quoting *Murphy,* 536 S.W.2d at 32).

As the trial judge is in a better position than this court to determine the credibility of the parties and witnesses, we grant the trial court due deference in that regard. *Eaton v. Bell,* 127 S.W.3d 690, 694 (Mo.App.2004). "The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the judgment, and all evidence and inferences to the contrary are disregarded." *Id.* The trial court is therefore free to believe or disbelieve part, all, or none of the testimony of any witness, and may disbelieve even uncontradicted testimony. *Shelby v. Shelby,* 130 S.W.3d 674, 678 (Mo.App.2004). We consider all facts for which the trial court makes no specific findings to have been found in accordance with the result reached. *Dixon v. Dixon,* 62 S.W.3d 589, 596 (Mo.App.2001).

The party seeking modification of a child support award bears the burden of showing a change in circumstances so substantial and continuing that the current terms of the child support award are unreasonable. § 452.370.1. "In determining what constitutes a substantial and continuing change of circumstances, the court is to consider all financial resources of both parties." *Mann,* 962 S.W.2d at 420. "The party seeking modification must show that the 'changed circumstances are supported and proved by detailed evidence.'" *Massey v. Todd,* 962 S.W.2d 949, 950 (Mo.App. 1998) (quoting *Morovitz v. Morovitz,* 778 S.W.2d 369, 371 (Mo.App.1989)). "Once

6. The revised parenting plan was submitted by agreement of the parties.

the party seeking modification has met the burden of showing changed circumstances, the child support shall be determined in conformity with criteria set forth in section 452.340 and applicable Supreme Court Rules." *Eaton*, 127 S.W.3d at 697. The trial court's primary concern in ruling on a motion to modify child support is the well-being of parties' children. *Buckman v. Buckman*, 857 S.W.2d 313, 316 (Mo.App. 1993). As always, "[t]he paramount concern is the welfare of the child, not the welfare of the husband or wife." *Brown v. Brown*, 19 S.W.3d 717, 724 (Mo.App.2000). "'When determining child support, the court's function is to protect the best interests of the child.'" *Word v. Peterson*, 57 S.W.3d 894, 897 (Mo.App.2001) (quoting *Harrison v. Harrison*, 28 S.W.3d 500, 501 (Mo.App.2000)).

Section 452.370.1 provides in relevant part:

If the application of the child support guidelines and criteria set forth in section 452.340 and applicable supreme court rules to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable, *if the existing amount was based upon the presumed amount pursuant to the child support guidelines.*

(Emphasis added). However, "[s]uch a showing may be countered by contrary evidence." *Gordon v. Gordon*, 924 S.W.2d 529, 533 (Mo.App.1996).

With that being said, where, as here, the *existing* child support amount is not based upon the presumed amount under the child support guidelines, the twenty-percent provision is not applicable. *Eaton*, 127 S.W.3d at 697; *Brown*, 19 S.W.3d at 724.

 Nevertheless, "a motion to modify should still be granted if 'there is other evidence of changed circumstances so substantial and continuing that the original order of support is unreasonable. This change of circumstances is independent of any prima facie showing under [section] 452.370.1.'" *Gordon*, 924 S.W.2d at 534 (quoting *McMickle v. McMickle*, 862 S.W.2d 477, 481 (Mo.App.1993)). "[I]n a situation where the child support obligation was originally structured according to [an agreement of the parties], the party seeking modification has the burden of proving that he or she is unable to support the child in the manner contemplated at the time [of] the ... agreement...."[7] *Potter*, 90 S.W.3d at 522. In such situations, "[a] change in the parties' financial circumstances or in the children's needs may evidence a showing of substantial and continuing change." *Potter*, 90 S.W.3d at 520. Additionally, "[i]ncreases in the cost of living, which occur with the growth and maturing of children, have been held to constitute substantial and continuing

---

**7.** It is well-recognized that "'even though the terms of a[n] ... agreement with regard to child support are adopted by the court and incorporated into a divorce decree, the court is not deprived of its authority to thereafter modify such support award, as changed conditions may warrant.'" *Schleisman v. Schleisman*, 989 S.W.2d 664, 669 (Mo.App. 1999) (quoting *Kocherov v. Kocherov*, 775 S.W.2d 539, 540 (Mo.App.1989)). Accordingly,

although the trial court may have previously ordered that a parent not pay any future child support, based on an agreement of the parties to that effect ... and on the circumstances then existing, such an order does not terminate the court's continuing jurisdiction to later modify its decree and order child support, as changed circumstances may dictate.

*Id.*

change allowing for modification in child support." *Buckman*, 857 S.W.2d at 318. "Moreover, college expenses are properly considered as bearing upon the amount of child support." *Id.*

Turning now to the instant matter, Father seeks modification of the child support provision of the original decree of dissolution entered nine years previously. In those proceedings, Father asked that Mother not pay any child support expenses and the trial court made no such requirement of Mother. At the time of the parties' dissolution of marriage in 1996, the parties' children were four and three years of age while, at present, the children are thirteen and twelve years of age.

Father maintained in his motion for modification of child support that one of the reasons he was now seeking child support from Mother was that the children were getting older and that as a result he needed financial support for their increasing expenses. However, at the hearing on the matter, Father adduced no evidence as to *how much the children's expenses had increased* nor did he *detail* any specific expenses he faced due to the children's advancing ages. In fact, on his Form 14 under "total additional child-rearing costs" Father inserted $100.00 without any explanation at trial as to what costs were included, and did not present the trial court with any monetary figures to support the claim in his motion.[8] While a party's testimony as to children's expenses is sufficient evidence on which to base an allowance of child support and such "expenses need not be prove[n] with absolute particularity," *Rothfuss v. Whalen*, 812 S.W.2d 232, 238 (Mo.App.1991), there is still the overarching requirement that detailed evidence is required to show "that circumstances have changed so substantially that the prior decree is unreasonable."[9] *Ussery v. Ussery*, 156 S.W.3d 810, 814 (Mo.App.2005). Father presented no evidence to the trial court as to how the children's expenses are increasing or even what the children's current expenses were. "The amount of support awarded must be limited to the demonstrable financial need to support the child of the party receiving the support." *Honderick v. Honderick*, 984 S.W.2d 205, 211 (Mo.App.1999).[10]

---

8. At the conclusion of Father's case, the trial court denied Mother' motion to dismiss for Father's failure to state a cause of action and for failure of proof of a substantial and continuous change of circumstances.

9. *See also Brooks v. Brooks*, 871 S.W.2d 42, 46 (Mo.App.1993) (holding that a modification judgment should be reversed where the expenses listed by the mother were unsubstantiated and speculative); *Searcy v. Searcy*, 85 S.W.3d 95, 103 (Mo.App.2002) (holding that a modification judgment should be reversed and remanded where evidence of expenses consisted of speculation).

10. Father relies almost exclusively on *Schleisman* in the present matter; however, *Schleisman* does not aid Father. Unlike Father, the *Schleisman* appellant "presented evidence as to the cost of raising the children...." *Schleisman*, 989 S.W.2d at 667. Furthermore, the *Schleisman* court never reached the issue of whether the appellant satisfied her burden of showing a substantial change in circumstances pursuant to the "20 percent rule" of section 452.370.1, because the reviewing court determined the trial court had failed to make a Form 14 finding as to the correct, presumed child support amount, as required by *Woolridge v. Woolridge*, 915 S.W.2d 372, 378 (Mo.App.1996). *Schleisman*, 989 S.W.2d at 667. Accordingly, the court in *Schleisman* determined this failure precluded it from "conduct[ing] meaningful appellate review to determine whether there was a change ..." pursuant to the "20 percent rule," and the matter was remanded to the trial court for further proceedings. *Schleisman*, 989 S.W.2d at 673. Here, the trial court adopted Father's Form 14 calculation of the presumed child support amount which permits us the opportunity for meaningful review of the issue.

 Further, Father requested modification because Mother "has experienced a substantial increase in her income since the date of the original [d]ecree. . . ." We note that "while the noncustodial parent's increased income alone is insufficient to justify modification of child support, it is a factor to be considered along with others." *State ex rel. Boston v. Tuckness,* 958 S.W.2d 325, 326 (Mo.App.1998). With that being said, there is no evidence in the record regarding Mother's income at the time of the divorce. The only evidence in the record relates to Mother's current income. Father has failed to meet his burden of proof on this issue. *Eaton,* 127 S.W.3d at 697; *Brown,* 19 S.W.3d at 724.

Typically, we do not substitute our judgment for that of the trial court "providing there is credible evidence to support the trial court's beliefs [and findings]." *In re Marriage of Gerhard,* 985 S.W.2d at 930. However, in the present matter, there is simply no detailed evidence to support the present judgment modifying child support. As previously related, "[t]he party seeking modification has a heavy burden of proving that he is unable to support the children in the manner contemplated at the time [of] the dissolution decree." *Eaton,* 127 S.W.3d at 697. Father's testimony was vague and speculative and there was no evidence presented other than indistinct, unsupported allegations. The trial court erred in finding there was a substantial and continuing change of circumstances which warranted modification of Mother's child support obligation. "Because the record does not contain specific evidence regarding [the above-mentioned expenses],

we reverse and remand for further proceedings to allow the trial court to hear additional evidence on th[ese] issue[s]." [11] *Searcy,* 85 S.W.3d at 101. Point I has merit.

In her second point relied on, Mother argues the trial court erred in ordering her to be responsible for all of the transportation and costs associated with visitation. Specifically, Mother asserts the original decree did not contain a provision relating to costs of transportation; that the parties had generally split visitation costs and transportation; that Father unilaterally decided in 2000 to require Mother to provide all costs and transportation for visitation due to the fact that she was not required to pay child support; and that "Father did not show any change in the circumstances of the parties since the entry of the original dissolution decree which would necessitate changing the established pattern of meeting half-way between their respective residences to exchange the children. . . ."

Here, Father made no issue of transportation responsibilities and costs in his motion to modify child support. It was Mother who raised the issue as an affirmative defense in her response to Father's motion. Mother asserted in her answer to Father's motion that if she were required to pay child support, Father should be required to assist her in transporting the children for visitation or she should be allowed a set-off from the presumed amount of child support.

 The trial court has broad discretion in apportioning the expense of ex-

11. Evidence that may be elicited on remand may impact the trial court's determination as to whether it will continue accepting the parties' stipulated percentage split for college expenses. Accordingly, we also reverse the trial court's judgment relating to the 30/70 percent split for future college expenses. Ex-

penses of attending college can render an existing child support award unreasonable. *Gordon,* 924 S.W.2d at 535–36. "College expenses are properly considered as bearing upon the amount of child support." *Weber v. Weber,* 804 S.W.2d 756, 758 (Mo.App.1990).

ercising child custody rights when it comes to transportation costs associated with visitation. *D.M.K. v. Mueller*, 152 S.W.3d 922, 928 (Mo.App.2005). "A trial court's determination of those expenses will be overturned only if there is a manifest abuse of discretion." *Id.* "The financial circumstance of the parties is an appropriate consideration in apportioning expenses incurred in exercising visitation." *Id.*

We need not reach the merits of Mother's second point relied on pending remand based on the insufficiency of the evidence to support the trial court's modification of child support which may likely impact the question of transportation costs for purposes of exercising visitation. Accordingly, the trial court's judgment that Mother provide all of the transportation costs is also remanded for reconsideration in light of our determination as to Point I. *See Dover v. Dover*, 930 S.W.2d 491, 497 (Mo. App.1996).

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.