

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| LINDSEY M. SCHUMAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD83305 |
| | ) | |
| JOSHUA C. SCHUMAN, | ) | Opinion Filed:  November 10, 2020 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF CASS COUNTY, MISSOURI**
**THE HONORABLE JASON M. HOWELL, JUDGE**

Division Three:  Edward R. Ardini, Jr., Presiding Judge,
Alok Ahuja, Judge and Gary D. Witt, Judge

Lindsey Schuman ("Mother") appeals from a judgment entered by the Circuit Court of Cass County modifying child support and child custody following her divorce from Joshua Schuman ("Father"). We affirm.

**Factual and Procedural Background**

Mother and Father were married on March 12, 2005, and two children were born during the union. On March 3, 2017, Mother and Father divorced. The judgment granting the dissolution provided for joint legal and physical custody of the children. The judgment also designated Mother's address in Raymore as the children's address for mailing and educational purposes. The parenting plan from the dissolution provided the parties with alternating holidays and summer parenting time with Father having overnight parenting time on every Tuesday and Friday as well

as every other Saturday night. Father was given a 13% credit on the Form 14 for his parenting time, and he was ordered to pay monthly child support in the amount of $885.00.

Mother and Father co-parented well and informally agreed to use Father's address, the former marital home also located in Raymore, as the children's address for mailing and educational purposes so the children could attend school in Father's neighborhood. This arrangement worked satisfactorily until August of 2018, when Mother provided notice to Father that she was moving from her apartment in Raymore to a home in Overland Park, Kansas, with her boyfriend. Mother additionally expressed an intention to enroll the children in school in Kansas.

Father objected to Mother's relocation plan, preferring the children remain enrolled in their current school district. Father additionally filed a Motion to Modify the Judgment of Dissolution of Marriage through which he sought a modification to the custody arrangement, the termination of child support, and the designation of his address as the children's for mailing and educational purposes.

Both parties testified before the trial court and submitted their own parenting plans and Form 14 child support calculations.[1] Mother offered three separate parenting plans, two of which designated her Kansas address as the children's for mailing and educational purposes and one listing Father's address in Raymore. Mother also submitted three Form 14s, each finding that she be the recipient of child support in differing amounts. Father offered his own parenting plan and Form 14. His parenting plan provided for his address to be used for mailing and educational purposes and afforded him additional parenting time. Father's Form 14 produced a presumed child support amount of $28 to be paid each month by Mother to Father.

---

[1] At the time of the hearing, the children were eight and five years old.

The trial court overruled Father's objection to Mother's relocation[2] and granted his motion to modify, finding that Mother's relocation was a change in circumstances warranting a change to the custody arrangement, child support obligation, and other provisions of the original dissolution judgment. The trial court adopted Father's parenting plan, which resulted in almost equal parenting time, and adopted his Form 14 but found the presumed child support amount was "unjust and inappropriate under the circumstances and in light of the parties sharing of other expenses related to the raising of the boys[.]" The trial court ordered that neither party owed child support to the other and that Father's previous child support obligation would cease on the date of the judgment.

Mother appeals from that judgment, but only as to child support.

## Standard of Review

"Our review of a modification of dissolution of marriage decree is limited to determining whether the judgment is supported by substantial evidence, whether it is against the weight of the evidence, or whether it erroneously declares or applies the law." *Blomenkamp v. Blomenkamp*, 462 S.W.3d 429, 432 (Mo. App. W.D. 2015) (citing *Selby v. Smith*, 193 S.W.3d 819, 824 (Mo. App. W.D. 2006)). When conducting our review, "we view the evidence in the light most favorable to the judgment, disregarding all contrary evidence and giving deference to the trial court's determinations of credibility." *Id*. (citing *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991)). Whether to modify child support is a decision that "lies within the discretion of the trial court, whose decision will be reversed 'only for abuse of discretion or misapplication of the law.'" *Id*. (quoting *Selby*, 193 S.W.3d at 824).

---

[2] The trial court's denial of Father's objection to Mother's relocation is not at issue in this appeal.

**Discussion**

Mother raises two claims of trial court error on appeal. In Point I, she alleges that the trial court erroneously applied the law by terminating Father's child support obligation arguing the law "should [ ] presume[ ] that the higher income parent is the party obligated to pay child support." In Point II, Mother asserts that termination of Father's child support obligation was against the weight of the evidence, arguing that Father's Form 14 contained a "mathematical error" and that the statutory factors contained in section 452.340, RSMo[3] support a finding that Father should have been the party presumed to pay child support.

"To determine child support, Section 452.340, RSMo,[ ] and Rule 88.01 mandate the use of the Form 14 guidelines." *Edwards v. Edwards*, 475 S.W.3d 218, 222 (Mo. App. W.D. 2015) (citing *Woolridge v. Wooldridge*, 915 S.W.2d 372, 378 (Mo. App. W.D. 1996)). Those guidelines require the trial court to "calculate the presumed correct child support amount pursuant to Form 14, either by accepting one of the parties' proposed calculations, or by rejecting the parties proposed Form 14s and preparing its own." *Id*. (citing *Roberts v. Roberts*, 391 S.W.3d 921, 922 (Mo. App. W.D. 2013)). After considering all relevant circumstances,[4] the trial court must then determine whether to rebut the presumed child support amount as unjust and inappropriate. *Id*. at 222-23. "If the [trial] court rejects the presumed amount as unjust and inappropriate, it then uses its discretion to determine the proper amount." *Richardson v. Richardson*, 545 S.W.3d 895, 897 (Mo. App. E.D. 2018) (citing *Thorp v. Thorp*, 390 S.W.3d 871, 882 (Mo. App. E.D. 2013)).

---

[3] Statutory references are to the Missouri Revised Statutes, updated through the 2018 supplement.

[4] Pursuant to section 452.340.1, the trial court is directed to consider 1) the financial needs and resources of the child; 2) the financial resources and needs of the parents; 3) the standard of living the child would have enjoyed had the marriage not been dissolved; 4) the physical and emotional condition of the child, and the child's educational needs; 5) the child's physical and legal custody arrangements, including the amount of time the child spends with each parent and the reasonable expenses associated with the custody and visitation arrangements; and 6) the reasonable work-related child care expenses of each parent.

While Mother's points on appeal take different legal paths, at their core, both are directed at the same alleged error – that the trial court erred by accepting Father's Form 14 because it designated her as the parent presumed to pay child support. Mother's focus is understandable as the designation in the Form 14 as to which parent is presumed to pay child support (and which parent is presumed to received child support) impacts the presumed child support calculation generated by the Form 14. However, for the reasons explained below, we reject Mother's claims of error.

**Point I**

In her first point, Mother asserts that the trial court erroneously applied the law when it found that she was the parent presumed to pay child support, arguing that "when parties are sharing joint legal and joint physical custody, exercising equal parenting time, and equally sharing expenses relating to the children, it should be presumed that the higher income parent is the party obligated to pay child support."

Mother fails to identify any specific statute or legal principle recognized under Missouri law establishing the presumption she now argues the trial court misapplied. In fact, such a presumption does not exist.[5] This purely public policy-based argument does not reflect the current state of the law, and we will not find that the trial court erroneously applied a law that does not exist.

We recognize that the court's designation on Form 14 of one parent as the "Parent Receiving Support" and the other as the "Parent Paying Support" can dramatically affect the child-support calculation. For example, in this case the designation of Mother as the "Parent Paying

---

[5] The lack of such binding precedent is plainly acknowledged by Mother's point relied on that asserts that "it *should* be presumed that the higher income parent is the party obligated to pay child support."

Support" resulted in a presumed child support amount payable to Father which was *de minimis*, or zero. On the other hand, if *Father* had been designated as the "Parent Paying Support," and leaving the relevant numbers *completely unchanged*, Form 14 would have produced a presumed child support amount, payable to *Mother*, of almost $700 per month.

Even though the designation of the parties as payor and payee on Form 14 can so dramatically affect the child support calculation, Form 14 and its supporting instructions and commentary fail to provide any explicit guidance to the court or to the parties as to how to choose the parent designated as the "Parent Paying Support," and how to choose the parent designated as the "Parent Receiving Support." The choice of payor and recipient may be particularly difficult in a case like this one, where the parties have been awarded equal parenting time. Section 452.340.8 specifies that the Supreme Court's child support guidelines "shall address how the amount of child support shall be calculated when an award of joint physical custody results in the child or children spending equal or substantially equal time with both parents." In response to the statute, the Form 14 guidelines were amended to discuss the impact of an award of equal parenting time on the line 11 credit for periods of overnight visitation or custody exercised by the paying parent. The guidelines are silent, however, concerning the designation of the parents as payor or payee when substantially equal parenting time is awarded.

Under current law, the circuit court was not *required* to designate Mother as the "Parent Receiving Support," or to *presume* that she should be afforded that designation, simply because she had a lower income than Father. We have therefore rejected Mother's first Point, which argues that the circuit court misapplied the law. Although not subject to any explicit legal standards, the circuit court was required to determine the appropriate designations of Father and Mother on Form 14 in the exercise of its discretion. Mother has not argued that the circuit court abused its discretion,

6

in the circumstances of this case, in designating Father as the "Parent Receiving Support;" nor has she argued that the trial court abused its discretion in determining that the presumed child support amount calculated on Form 14 was unjust and inappropriate, and instead ordering that neither party pay child support. We therefore do not address either question.

Point I denied.

## Point II

In her second point, Mother asserts that the trial court's judgment terminating Father's child support obligation and finding that neither party was required to pay child support was against the weight of the evidence. Mother's puts forth a dual-pronged argument claiming that the Form 14 adopted by the trial court contained "a mathematical error" and then contending that "all other evidence presented pursuant to the statutory factors of [section 452.340.1, RSMo] support the finding that [Father] should be the party presumed to pay child support."

"'A judgment is against the weight of the evidence only if the trial court could not have reasonably found, from the evidence at trial, the existence of a fact that is necessary to sustain the judgment.'" *Severn v. Severn*, 567 S.W.3d 246, 255 (Mo. App. W.D. 2019) (quoting *Hughes v. Hughes*, 505 S.W.3d 458, 467 (Mo. App. E.D. 2016)). "This challenge assumes the 'existence of substantial evidence supporting a proposition necessary to sustain a judgment, but, nevertheless, challenges the probative value of that evidence to induce belief in that proposition when viewed in the context of the entirety of the evidence before the trier of fact.'" *Hopkins v. Hopkins*, 449 S.W.3d 793, 802 (Mo. App. W.D. 2014) (quoting *Sauvain v. Acceptance Indem. Ins. Co.*, 437 S.W.3d 296, 304 (Mo. App. W.D. 2014). An against the weight of the evidence challenge will be successful "'only when [this] court has a firm belief that the judgment is wrong.'" *Id.* (quoting *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012)).

*Preservation of claimed "mathematical error"*

A review of the record reveals that Mother did not object to the admission of Father's Form 14 or challenge its calculations at trial. When a party fails to make a proper and timely objection, the issue is not preserved for appellate review and can be reviewed only for plain error.[6] *See Smith v. White*, 114 S.W.3d 407, 412 (Mo. App. W.D. 2003).

Mother did raise in a post-trial motion that Father's Form 14 contained an inaccurate figure[7] relating to the amount paid by Father for the children's health insurance premiums. However, the only relief requested by Mother relating to this alleged error was that "the Judgment and Order of Modification should be amended to reflect the correct 'Line 6c' amount of $233.95 per month in health insurance premiums on behalf of the minor children." Mother's motion did not include a calculation quantifying how her proposed adjustment to Line 6c would have impacted the presumed child support amount produced by Father's Form 14 or address the relationship between the alleged "mathematical error" and a recalculated presumed child support amount to the trial court's ultimate finding rebutting the original presumed child support amount as being unjust and inappropriate. Mother perpetuates this failure to quantify the effect that use of the 2019 health insurance premiums would have had on the presumed child support amount produced by Father's Form 14 on appeal. Nevertheless, Father does not dispute that the 2019 health insurance premium

---

[6] Under plain error review, "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court . . . when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 84.13(c). "Even then, the appellant may not invoke plain error 'to cure the mere failure to make proper and timely objections.'" *Smith*, 114 S.W.3d at 412 (quoting *Roy v. Mo. Pac. R.R. Co.*, 43 S.w.3d 351, 363-64 (Mo. App. W.D. 2001) (additional citation omitted).

[7] Father's Form 14 used the children's health insurance premiums paid by him in 2018 ($369.00 per month) instead of the updated amount he was paying in 2019. Mother does not dispute the accuracy of the amounts paid in 2018, but argues that Father's pay stubs from 2018 that would support the amount paid during that calendar year were not introduced into evidence.

costs should have been used on Line 6c of his Form 14 and, because we prefer to resolve appeals on the merits, we will review this claim of error *ex gratia*.

*Mathematical Error*

The "mathematical error" related to Line 6c of Father's Form 14 appears to be the linchpin to Mother's claim of trial court error in this point on appeal. However, as noted above, Mother has wholly failed to address the impact that use of the 2019 health insurance premium costs would have had on the presumed child support amount produced by Father's Form 14 or, more broadly, how such a change would have affected the trial court's finding rebutting the presumed child support amount and ordering that neither parent would be required to pay child support to the other based on the sharing of expenses related to the raising of the children. This failure by Mother is not insignificant. Based on this Court's calculations, use of the 2019 health insurance premium cost would have generated only a *de minimis* deviation from the presume child support amount produced by Father's Form 14 that, in the end, the trial court deemed unjust and inappropriate.

Mother's focus on this "mathematical error" to disturb her designation as the parent presumed to pay child support in the Form 14 accepted by the trial court suffers from a more fundamental flaw. Mother has not provided, and this Court has not independently found, the existence of a direct link between the amount of health insurance premiums paid by Father and which parent should be presumed to be the payor of child support in the Form 14. Indeed, the Court has been made aware of no statutory directive or guidance related to the preparation and use of a Form 14 that creates such a nexus.[8] Absent such a relationship, we are not persuaded that an

---

[8] As previously noted, this Court recognizes that use of the 2019 costs for the children's health insurance premiums would result in a slight adjustment to the presumed child support amount generated by Father's Form 14. However, Mother's complaint is not specifically directed at the presumed child support amount. Instead, Mother's grievance is more abstract – that it was against the weight of the evidence for the trial court to accept a Form 14 that listed her as the parent presumed to pay child support. Mother has failed to draw a linear connection between the complained about "mathematical error" and her being listed as the presumed payor of child support for Form 14 purposes. In fact, in her

alleged error related to the figure used on Line 6c of Father's Form 14 would independently produce the result sought by Mother – that designation of her as the parent presumed to pay child support was against the weight of the evidence.

*Statutory Factors*

Mother further argues that the statutory factors contained in section 452.340.1, supported a finding that Father, and not her, should have been designated the parent presumed to pay child support and that the trial court's adoption of Father's Form 14 that designated Mother as the parent presumed to pay child support was against the weight of the evidence. On appeal, Mother substantially ignores the nature of an against the weight of the evidence challenge by leaning heavily on evidence she views favorable to her position while essentially disregarding contrary evidence.[9] She additionally gives minimal recognition that the statutory factors that she now embraces are the same considerations that guided the trial court to rebut the presumed child support amount produced by Father's Form 14. In this regard, the trial court explicitly ordered that neither party would pay child support to the other "in light of the parties sharing of other expenses related to the raising of the boys"—a finding that Mother does not directly challenge on appeal.

Indeed, Mother must ultimately overcome the trial court's finding that, under the attendant circumstances, neither party should pay child support to the other parent. We are not convinced that, in light of this record, the "mathematical error" identified by Mother, either independently or

---

briefing to this Court, Mother acknowledges that "there is no explicit guidance on how it is decided who is the parent obligated to pay support and who is the parent entitled to receive it."

[9] Mother emphasizes the income disparity between the parents and broadly asserts that "all of the evidence presented pursuant to the factors of R.S.Mo. §452.340.1 contradict the trial court's ruling and supports the opposite finding that [Father], not [Mother], should be the parent presumed to pay child support." This characterization of the evidence is not accurate. For instance, Mother was relocating into the home of her boyfriend thereby reducing her living expenses, Father pays the health insurance premiums for the children, the parties equally share other costs associated with the raising of the children, and the trial court adopted Father's parenting plan which increased Father's parenting time and changed the children's address for mailing and educational purposes to his residence, which is located within the school district the children will be attending.

10

in combination with the statutory factors contained in section 452.340.1, so tilted the probative force of the evidence to compel the conclusion that the trial court's judgment was against the weight of the evidence. *See Hopkins*, 449 S.W.3d at 803 ("While [Mother] has pointed to evidence that might have supported a conclusion contrary to the trial court's judgment, the conclusion argued by [Mother] is not the only conclusion that the trial court could have reached.").

Point II denied.

## Conclusion

The judgment of the trial court is affirmed.

Edward R. Ardini, Jr., Judge

All Concur

11