Jack Jonathan PRITCHARD, et al., Plaintiffs–Respondents,

v.

Larry Jack PRITCHARD, Defendant–Appellant.

No. 54451.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 6, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1989.

John A. Walsh, Jr., St. Louis, for defendant-appellant.

Norman W. Pressman, Thomas M. Pavelko, St. Louis, for plaintiffs-respondents.

REINHARD, Judge.

Father appeals from the trial court's order modifying a child support award. The court increased the award from $325 per month to $1,100 per month plus medical and dental expenses. We affirm.

Mother and father are the parents of a child born out of wedlock on June 14, 1979. Mother and child, with mother acting as next friend, filed a paternity suit in which they sought child support. Father admitted paternity and the parties stipulated that child support would be $325 per month. In accordance with the stipulation, the court, in December, 1980, awarded child support in the amount of $325 per month.

Mother filed an amended motion to modify on June 2, 1987, and a hearing was held on January 14, 1988. Mother alleged that since the time of the original decree, the child's needs for food, clothing, education and recreation had increased; that she was without sufficient funds to provide adequate support; and that father was financially able to provide more support.

At the hearing, the parties stipulated they would testify in accordance with the figures reported in their income and ex-

pense statements filed with the court. The court took judicial notice of those reports. Mother testified she was earning $4.20 per hour working at the Marriott Pavilion Hotel when the decree was originally entered, and that she was now earning $8.00 per hour as an office manager for a consulting firm.

Father was employed in 1980 at Washington University Dental School and was earning $39,000 per year. At the time of the modification hearing, he was self-employed as a dentist in Waco, Texas, specializing in oral and maxillofacial surgery. He estimated his current gross income at $38,000 per month. He testified his 1987 gross income was $475,000 and his business overhead was $313,000, leaving him a net income of $162,000. Additionally, he owned a gravel pit which produced $17,000 in income in 1987, and rental property which he testified was earning nothing. Father agreed that child's private school tuition expense of $1,200 per year was reasonable.

In her testimony, mother referred to her expense statement as it related to child's needs and the amount she was spending thereon. We believe the import of her testimony is that child's present needs were $1,266.15 per month. This figure included $100 for medical expenses. Mother sought child support in the amount of $1,600 per month. Father testified, "Based on the figures she provided I would estimate eight to nine hundred [dollars] a month to be a fair level [of child support]." On redirect examination, father stated this estimate was not based strictly on the parties financial statements:

> No, I am basing that [$800—$900 estimate] on my personal feelings of need for a child of that age based on my friends that have children that age. My innate feeling of what it costs to feed, clothe, shelter someone.

> My child [of my current marriage] is obviously a lot younger than eight years but that figure is based on my assumption of talking with other people, friends of mine that have children of that age that are in private school. That's where that figure was derived from.

Based on the testimony and financial statements filed by the parties, the court found a substantial and continuing change in circumstances, and concluded the change in circumstances rendered the original award unreasonable. The court ordered father to pay child support in the amount of $1,100 per month and further ordered that he pay for the child's medical and dental expenses. Our review is under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Null v. Null*, 746 S.W.2d 655 (Mo.App.1988).

In 1987, the legislature adopted the Uniform Parentage Act (UPA), §§ 210.817–210.852, RSMo Supp.1987. Section 210.-841.5 sets forth the factors for determining child support and is similar to § 452.340 of the Dissolution of Marriage Act. Section 210.845 of the UPA provides that "[s]upport orders are modifiable prospectively, as provided by section 452.370, RSMo."

■ The UPA is inapplicable to this case as the motion to modify was filed before the Act's effective date, July 15, 1987. However, we are constitutionally required to apply the same child support standards to cases involving illegitimate children as applied to cases involving children born of a lawful marriage:

> The decisions of the United States Supreme Court compel the conclusion that the proper construction of our statutory provisions relating to the obligations and rights of parents ... afford illegitimate children a right equal with that of legitimate children to require support by their fathers. Prior cases to the contrary are no longer to be followed.

*R____ v. R____*, 431 S.W.2d 152, 154 (Mo. 1968). Furthermore, in *B____ v. B____*, 673 S.W.2d 819 (Mo.App.1984), a case decided before adoption of the UPA, we held that a court should consider the six factors enumerated in § 452.340, including the father's primary responsibility to support his child, in determining the amount of support in a paternity case.

■ An award of child support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the existing terms unreasonable. § 452.370, RSMo 1986. The increased needs of growing children and in-

flationary trends are valid reasons for modification of a decree if it is demonstrated that these conditions render the existing order unreasonable. *Walck v. Walck*, 651 S.W.2d 559, 561 (Mo.App.1983). The length of time between the motion to modify and the decree is also a factor to be considered. While the non-custodial parent's increased income alone would be insufficient to justify a modification, it is a factor to be considered along with the others discussed above. The burden of demonstrating a substantial and continuing change in circumstances is on the movant. *Lyles v. Lyles*, 710 S.W.2d 440, 442 (Mo.App.1986).

In this case, we have little difficulty concluding movant demonstrated a substantial and continuing change in circumstances. Child was less than two years old when the original decree was entered. At the time of the modification hearing, he was almost eight. He is now in school. The first years after the original decree was entered were characterized by spiralling inflation, and while inflation has leveled off, there has been no period of deflation since the time of the original decree. Father's income quadrupled.

Having concluded that mother fulfilled her burden as to proof of a substantial and continuing change of circumstances, we now consider father's contention that the amount of child support was not supported by substantial evidence.

Father contends, relying on *Johanson v. Johanson*, 569 S.W.2d 337 (Mo. App.1977), that the trial court erred in entering its award absent proof of mother's child support expense at the time of the original decree. He argues,

> In *Farnsworth v. Farnsworth*, 553 S.W.2d 485 (Mo.App.1977) and *Bogusky v. Bogusky*, 710 S.W.2d 445 (Mo.App. 1986) this court determined that a modification of a child support order, when justified by the evidence, is limited in its amount to a figure supported by the evidence, and that while the trial judge has discretion, it may be abused. In those cases the abuse resulted in adjustment. In this case the situation cries out for adjustment.

*Farnsworth, Bogusky,* and *Johanson* do not control; we conclude there was substantial evidence supporting the modification to $1,100 per month plus medical and dental expenses. While mother did not detail her child support expenses at the time of the original decree, she did discuss child's increased expenses for food, clothing, and education. When the original decree was entered, father was earning $39,000 per year, mother was earning $4.20 per hour, and the parties stipulated that the amount of support was to be $325 per month. At the modification hearing, mother's evidence was that the child's present needs amounted to $1,266.15 per month. Father has sufficient funds to meet this amount. We believe the import of his testimony to be that a reasonable amount of support required for an eight year old child going to a private school and in keeping with his standard of living was between $800 and $900 per month. Under the evidence adduced at the hearing, we cannot say the trial court abused its discretion.[1]

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.

---

1. Mother's motion for damages for frivolous appeal is denied.