STATE of Missouri, ex rel., Cynthia
Lee BOSTON, Respondent,

v.

Robert David TUCKNESS, Appellant.

No. WD 53679.

Missouri Court of Appeals,
Western District.

Jan. 13, 1998.

David K. Matteson, Kansas City, for appellant

Gregory D. Culotta, K. Elizabeth Davis, Asst. Pros. Attys., Clay County, Liberty, for respondent.

Before ULRICH, C.J., and SPINDEN and SMART, JJ.

ULRICH, Chief Judge.

Robert David Tuckness appeals the trial court's order modifying his child support obligation. He claims that substantial evidence to support the trial court's finding of changed circumstances was not presented. He also claims that the trial court abused its discretion in ordering him to pay child support retroactive to February 1, 1996.[1] The judgment of the trial court is reversed, and the case is remanded.

---

1. Because Mr. Tuckness's first claimed error is dispositive, this issue is not addressed.

The marriage of Robert Tuckness (Father) and Cynthia Lee Tuckness (Mother) was dissolved by Decree of Dissolution on November 16, 1987. An order modifying the custody and support of the parties' two minor children was entered on July 14, 1992. Father was awarded custody of Robert David Tuckness, Jr., born October 21, 1981, and Mother was awarded custody of Christina Lee Ballew Tuckness, born December 11, 1978. Neither party was ordered to pay child support.

The Director of the Division of Child Support Enforcement for the State of Missouri entered an administrative order on February 20, 1996, directing Father to pay child support in the amount of $498 per month for Christina. The following day, the State of Missouri, on behalf Mother, filed a motion for modification of child support. The motion alleged a substantial and continuing change of circumstances in that (1) application of the child support guidelines in Rule 88.01 to the present circumstances resulted in a 20 percent or more change in child support from the existing amount, and (2) Christina was not covered by a health insurance plan. Following a hearing on the motion, the trial court found that continuing and substantial changes and conditions existed that made the July 14, 1992 order unreasonable, and the court ordered Father to pay $363 per month in child support retroactive to February 1, 1996. This appeal followed.

On appeal, Father claims that the trial court erred in modifying his child support obligation from $0 to $363 per month. He argues that no evidence of continuing and substantial changed circumstances supported the modification of child support.

■ In a court-tried case, the judgment of the trial court is affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). A trial court may modify a child

support award only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable. § 452.370.1, RSMo 1994. When the application of the guidelines set forth in Rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by 20 percent or more, a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable. *Id.* A finding that a party's income increased more than 20 percent, by itself, is not a valid basis for a prima facie showing of a substantial change of circumstances warranting a modification of child support. *McMickle v. McMickle*, 862 S.W.2d 477, 481 (Mo.App.1993). However, while the noncustodial parent's increased income alone is insufficient to justify modification of child support, it is a factor to be considered along with others. *Pritchard v. Pritchard*, 763 S.W.2d 669, 672 (Mo.App. 1988).

■ The trial court found a substantial and continuing change of circumstances based on Father's increased income. This finding, alone, was insufficient to justify modification of his child support obligation. Moreover, it was not a valid basis for a prima facie showing of a substantial change of circumstances under the statute, which would require a showing of a 20 percent or more difference between the existing child support obligation and a computation of child support under the parties' present financial circumstances. Furthermore, the finding of increased income was not supported by substantial evidence in the record. At the hearing, Father testified that his gross monthly income was $3478. He did not, however, testify as to his income in July 1992, the date of the previous child support order[2], and Father's income in July 1992 was not proven. The trial court's finding that Father's income had increased since 1992 was unsupported by evidence.

---

**2.** Mother attempted to elicit information regarding Father's employment in 1992, but an objection to the introduction of this evidence was sustained on the basis that it was outside the scope of the pleadings. The trial court then based its order on a finding that Father's income had increased since 1992 although there was no evidence in the record of Father's income in 1992.

The judgement of the trial court is reversed, and the case is remanded to the trial court for receipt of additional evidence, if any, of a continuing and substantial change of circumstances.

All concur.