Alan Dean HUECKEL, Petitioner–
Appellant,

v.

Michelle Lee WONDEL n/k/a Michelle
Lee Garner, Respondent–
Respondent.

No. SD 28790.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 19, 2008.

James M. McClellan, Sikeston, MO, for appellant.

Amy Bonifield Galloway, Popular Bluff, MO, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Alan Dean Hueckel ("Father") and Michelle Lee Wondel n/k/a Michelle Lee Garner ("Mother") are the parents of one son who was born on May 1, 2002. Though they never married, they obtained a Judgment and Decree of Determination of Paternity, Child Custody and Order of Child Support in 2003. That judgment granted joint legal and physical custody to the parties, with "primary physical custody"[1] to Mother and visitation to Father. Father's visitation consisted of alternate weekends and holidays, alternate Monday evenings, and every Wednesday morning through Thursday evening. Father was ordered to pay child support of $375.00 per month, which was a deviation from a stipulated Form 14 presumed amount of $409.00. The stipulated parenting plan also included the statutorily-required notice of relocation.

In 2004, Mother filed a Motion to Modify Child Custody, Visitation, and Support and a Motion for Temporary Restraining Order. Father responded by filing a Motion to Dismiss Mother's Motion for Temporary Restraining Order, a Motion for Family Access Order, a Motion for Contempt, and a Counter–Motion to Modify. The court entertained Mother's Motion for Temporary Restraining Order and Father's Family Access Motion and ordered make-up visitation between Father and the child and also ordered Father to obtain training for medical protocol for epinephrine shots for the child. The court took the remaining issues under advisement and noted that the pending Motion to Modify would remain pending. The case was subsequently set for trial by court order and stipulation of the parties.

Subsequently, Mother decided to relocate from Dexter, Missouri, to Bell City, Missouri; she wanted the child, who was having behavior problems in Dexter and was in counseling, to attend Bell City schools. Mother believed the smaller classroom settings in Bell City would help with the child's behavior problems. Mother sent a "relocation" letter[2] to Father, which was dated October 10, 2006. She testified that she sent the letter to Father by certified mail and that she had the receipt at home. In the letter, Mother claimed that she would give Father her new address when it was available. Mother further testified that Father did not respond or object to the relocation until April 2007 when she attempted to speak with Father about kindergarten screening.

Father testified that Mother did not provide him with her new address. He also testified that he objected to the relocation the next time he saw Mother after receiving her letter. Father also claimed that he sent letters of objection through his attorney to Mother's attorney; however, those notices were not produced at the hearing.

In May 2007, Mother amended her pleadings in the pending case to relocate from Dexter to Bell City, to eliminate joint legal custody, and to increase child support. Father filed his Answer to Mother's amended pleadings and sought either a denial of Mother's request to relocate or a transfer of "primary physical custody" to him with visitation for Mother. The court

1. At the time of the award, "primary physical custody" was often used in judgments; however, the Supreme Court has indicated that Missouri's statutory scheme does not allow for an order granting "primary physical custody." *Speer v. Colon*, 155 S.W.3d 60, 62 (Mo. banc 2005).

2. *See* section 452.377.2. All references to statutes are to RSMo 2000, unless otherwise specified.

awarded Mother sole legal custody and joint physical custody to the parties. The court also granted Mother's motion to relocate and motion for modification of support.

Father asserts on appeal that the trial court erred by (1) eliminating Father's joint legal custody; (2) granting Mother's relocation; (3) denying Father's motion to modify or in the alternative, by reducing Father's parenting time; and (4) increasing Father's child support payments. We find no error and affirm the judgment.

▪▪▪ Because this was a court-tried case, the lower court's judgment will be affirmed unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Holland*, 203 S.W.3d 295, 299 (Mo.App. S.D.2006); *Eaton v. Bell*, 127 S.W.3d 690, 694 (Mo.App. W.D. 2004). We give greater deference to the trial court when reviewing child custody cases than we give when reviewing other cases. *In re C.N.H*, 998 S.W.2d 553, 557 (Mo.App. S.D.1999). A trial court has considerable discretion in making custody determinations, and this Court will not overturn the trial court's findings unless they are manifestly erroneous and the child's welfare compels a different result. *Id.* So long as credible evidence supports the trial court's findings, we will not substitute our judgment for that of the trial court. *Id.*

▪▪▪ Initially, we note that Father's first point relied on does not comply with the requirements of Rule 84.04(d).³ The point states, "[t]he trial court erred by eliminating Father's joint legal custody because such modification was not supported by substantial evidence; there was not a change of circumstance and the ruling was contrary to the public policy of the state of Missouri." This point relied on violates Rule 84.04(d) because it is a multifarious claim that combines three different claims of error in one point. *Atkins v. McPhetridge*, 213 S.W.3d 116, 119 (Mo.App. S.D. 2006). Each point relied on must identify the trial court ruling or action being challenged, state the legal reasons for the claim of reversible error, and explain why, in the context of the case, those legal reasons support the claim of error. Rule 84.04(d)(1); *Carmack v. Carmack*, 148 S.W.3d 321, 322–23 (Mo.App. S.D.2004). Father's point posits three legal reasons for the error.

▪▪▪ Further, Father's point relied on does not explain why, in the context of this case, there was no change of circumstance and no substantial evidence to warrant the elimination of Father's joint custody. It also does not identify what public policy is violated by the court's order. The purpose of Rule 84.04(d) is to provide notice to the opposing party "of the precise matters which must be contended with and to inform the court of the issues presented for review." *Young v. Ernst*, 113 S.W.3d 695, 697 (Mo.App. S.D.2003). Because Point One does not comply with Rule 84.04(d) and therefore, preserves nothing for review, we would be justified in dismissing the claim. *In re Holland*, 203 S.W.3d at 299. We are, however, more inclined to relax Rule 84.04(d)'s requirements when the issues concern the welfare of a child so long as " 'the argument is sufficient in conjunction with the points relied on to ascertain the issues being raised.' " *Id.* (*quoting Stangeland v. Stangeland*, 33 S.W.3d 696, 703 (Mo.App. W.D.2000)). Because we believe we are able to discern Father's arguments, we review what we perceive to be his first point.

▪▪▪ We address Father's point as a complaint that substantial evidence does not support a finding of a change of cir-

---

**3.** All rule references are to Missouri Court Rules (2008), unless otherwise specified.

cumstances warranting modification of legal custody. Initially, we note that both parties filed motions contending there was a change of circumstances. Additionally, the trial court based its decision on at least three changes of circumstances that warranted modification. First, the court noted that Mother's proposed move could be deemed a substantial change in circumstances warranting modification of legal custody. Second, the court explained that a change of circumstances had occurred due to the breakdown of parental communication and cooperation and that a modification was required in the best interest of the child because it would alleviate the many conflicts between the parties that were brought to light during trial.

Mother had complained that Father enrolled the child in Dexter schools without her consent; he also took the child to doctors other than the one listed in their court-ordered parenting plan and refused to cooperate on issues concerning the child's allergies. There were other complaints regarding Father failing to supervise the child and laughing when the child called Mother a witch. Additionally, Mother testified that the parties "can't carry on a civil conversation for two minutes. There is no communication whatsoever between us." Therefore, there was substantial evidence presented at trial to support the court's finding that there was a change of circumstances due to the breakdown of parental communication and cooperation.

■ Third, the court found that a change had occurred in the medical, psychological, and educational needs of the child. Substantial evidence supporting this finding was brought out in testimony regarding the child's food allergies that required regular care. There was also testimony by Mother that the child was having behavior problems that required psychological counseling and that Mother believed would be helped by the smaller classroom settings at the Bell City schools. Father's argument that there was no change of circumstances warranting modification of legal custody fails.[4] Point One is denied.

■ Father claims in Point Two that "[t]he trial court erred by granting Mother's relocation because she failed to comply with the statutory requirements to relocate the minor child." Again, Father's point falls short of explaining why, in the context of this case, the trial court's judgment fails to "comply with the statutory requirements to relocate the minor child." A gratuitous review of the point finds it lacking in merit.

Section 452.377.2 requires that notice of a proposed relocation:

[S]hall be given in writing by certified mail, return receipt requested, to any party with custody or visitation rights. Absent exigent circumstances as determined by a court with jurisdiction, written notice shall be provided at least sixty days in advance of the proposed relocation. The notice of the proposed relocation shall include the following information:

(1) The intended new residence, including the specific address and mailing address, if known, and if not known, the city;

(2) The home telephone number of the new residence, if known;

(3) The date of the intended move or proposed relocation;

4. Father focused his argument on the public policy of the state of Missouri as outlined in section 452.375.4; he appears to contend that section 452.375.4 trumps all of the other factors. He is mistaken. It is but one factor. Although section 452.375.4 does indicate a preference for joint custody, it is only preferable when it is in the best interest of the child. *McCauley v. Schenkel*, 977 S.W.2d 45, 51 (Mo. App. E.D.1998).

(4) A brief statement of the specific reasons for the proposed relocation of a child, if applicable; and

(5) A proposal for a revised schedule of custody or visitation with the child, if applicable.

The plain language of section 452.377.2 makes it clear that sending notice via certified mail is a requirement of proper notice. Section 452.377.7 addresses the proper procedure for a parent to answer a notice of relocation:

The residence of the child may be relocated sixty days after providing notice, as required by this section, unless a parent files a motion seeking an order to prevent the relocation within thirty days after receipt of such notice. Such motion shall be accompanied by an affidavit setting forth the specific factual basis supporting a prohibition of the relocation. The person seeking relocation shall file a response to the motion within fourteen days, unless extended by the court for good cause, and include a counter-affidavit setting forth the facts in support of the relocation as well as a proposed revised parenting plan for the child.

Mother testified that she did send the notice by certified letter, and Father did not properly respond. In the light most favorable to the judgment, which is how we must view it, the trial court could have found that a proper notification of relocation was done; however, even if the court erred in proceeding on that basis alone, Father's claim lacks merit. If a notice of relocation does not meet the statutory requirements of section 452.377.2, then that failure "may be considered in a proceeding to modify custody or visitation with the child." Section 452.377.11.

The court was entitled to consider Mother's notice of relocation along with the best interest factors in section 452.375.3. The court specifically considered the allocation of parenting time proposed by the parties; the fact that Mother has been the primary caregiver; the child's relationships with his siblings in both households; most of the child's relatives on both sides of the family live in the Dexter area; Mother is willing for Father to have substantial visitation in the event of relocation; all caregivers have received training to manage the child's medical needs; the lack of evidence that the child had not adjusted to his home in Bell City; and the parents' disagreement on whether a smaller or larger school environment would best benefit the child. After considering in writing each best interest factor, the court determined that granting the relocation was in the best interest of the child. Substantial evidence supports that determination. Point Two is denied.

 Father claims in Point Three that "[t]he trial court erred by denying Father's motion to modify for custody or, in the alternative, by reducing his parenting time because the minor child was denied frequent, meaningful and continued contact with Father." Again, Father's point does not comply with Rule 84.04(d), and he does not give any facts in his point or his argument to support his claim that his parenting time was reduced in any way.[5] Furthermore, Father is making three claims of error. He is claiming error in denying his motion for custody, that his parenting time was reduced, and that the court denied him frequent and meaningful contact with the child. We cannot discern Father's point and are not illuminated by his argument. He further provides no law

5. Father actually failed to give any facts in his statement of facts to support his conclusion that his parenting time was reduced or that he was denied frequent, meaningful, and continued contact with the child.

to support his contentions. Nothing has been preserved for review, and we consider this point abandoned. *In re Holland,* 203 S.W.3d at 299. Point Three is denied.

Father posits in his fourth point that "[t]he trial court erred increasing the child support because there was not a presumptive [twenty-percent] change in the child support amount." Again, Father gave no facts in his statement of facts to support his allegation regarding a twenty-percent change in the child support amount. As noted, the original agreed support in this case was $375.00, but it was a deviation from a stipulated Form 14 presumed amount of $409.00. Father did not acknowledge in his argument that the original support was a deviation from the guidelines. The twenty-percent provision in section 452.370.1 is inapplicable when the existing child support amount is not based upon the presumed amount under the child support guidelines, and a moving parent must submit other evidence showing a substantial and continuing change of circumstances, such as changes in the parents' respective financial conditions and changes in the child's needs. *Eaton,* 127 S.W.3d at 697. It is not until the moving party has met this burden of showing a change of circumstances that child support can be determined in conformity with section 452.340. *Id.* The court found that daycare and counseling for the child were now incurred and Father's employment had changed to full-time employment. Substantial evidence supports a finding that there was a substantial and continuing change of circumstances. Point Four is denied.

The judgment is affirmed.

LYNCH, C.J., BURRELL, P.J., concur.